[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER RE: MOTION FOR REINSTATEMENT (DOCKET ENTRY NO. 103)
The defendant-wife has moved she be reinstated on the plaintiff-husband's business payroll at the "salary" she received from "The Paint Center" for the past seven-eight (7-8) years until January of 2001 when the husband terminated such payments. Specifically, she had been receiving $1,250 per month, has driven a leased car for which the husband's business has paid, and she has additionally received insurance and "Social Security benefits." Both parties testified before this court at a hearing on May 10, 2001.
The evidence is clear the wife has no legal interest in the corporation the husband set up in 1989 — though she has claim to an equitable interest, having contributed some time and labor-and perhaps personal assets — to the purchase and opening of the first store in 1989, the expansion of that store some years later, and the acquisition of a second store ("Local Color") in 1995. Over the years, she lent some assistance to the husband in the conduct of the business though there never appears to have been a time when she reported to work on a regular schedule or ever had any specifically assigned duties. While designated as Secretary of the corporation for legal purposes, she testified to never having had any responsibility with regard to the books and records of the corporation and to never having performed any duties in that capacity. She stated she attended trade shows with her husband though he stated those shows were merely the centerpiece for personal vacations and that his wife had, in recent years, suggested another attend the shows in her place.
Though the defendant claims her termination should be viewed as a violation of the automatic orders contained in Practice Book § 25-5, she concedes that statute does not by its terms embrace this situation. CT Page 6889 This court views such an expansive reading of the statute as mischievous, contrary to the law governing employment disputes, and unnecessary to the accomplishment of the statute's primary purpose of preserving marital assets (In fact, the continued payment is better viewed as dissipating a marital asset.). This court cannot, as it is urged to do, "preserve the financial status quo" of the defendant if, by so doing, it perpetuates the parties' prior practice of paying monies and extending benefits incidental to "employment" when the defendant's receipt of the same is unaccompanied by clear evidence her status was in fact that of "employee." No such finding can be made as a result of evidence introduced at this hearing.
The defendant's likening of the court's ability to reinstate those benefits under these circumstances is not, as she argues, akin to the court's power to exclude a spouse from the marital home since, in the latter case, there is presented no issue of fact regarding the parties' status vis-a-vis the marriage and, in most such instances, the partners hold joint legal title to the marital premises. Nor is the sole case cited by the defendant determinative of the issue since, in Juliano v.Juliano, No. FA88 02522805, April 25, 1990 (Driscoll, J.), the distribution of the assets — to include two (2) video stores — was ordered by way of a property distribution after trial of the dissolution action.
The defendant has the opportunity at the time of the contested hearing to lay claim to one-half (1/2) the value of the business (as she has indicated it is her intent to do) and she may well be awarded an interest in the same. She is not here, however, asking for pendente lite alimony[1] but instead asks she be returned "on the books" to her former monthly "salary" and other benefits.
The motion for reinstatement is denied.
B. J. SHEEDY, JUDGE